DARRELL L. COCHRAN
(darrell@pcvalaw.com)
KEVIN M. HASTINGS
(kevin@pcvalaw.com)
Pfau Cochran Vertetis Amala PLLC
909 A Street, Ste. 700
Tacoma, WA 98402
Tel: (253) 777-0799

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| KHOMPHET PHETSADAKONE, an individual,<br><br>                                    Plaintiffs,<br><br>    vs.<br><br>CITY OF AUBURN, a municipal corporation; and JOE MICHELS, in his individual capacity,<br><br>                                    Defendants. | NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>Demand for Jury Trial |

COMES NOW Plaintiff Khomphet Phetsadakone, by and through his attorneys Darrell L. Cochran and Kevin M. Hastings, and the law firm of Pfau Cochran Vertetis Amala PLLC, to bring a cause of action against the defendants, and allege the following:

## I.     INTRODUCTION

1.     On September 9, 2019, just after midnight, Khomphet Phetsadakone was pulled over by Auburn Police Department Officer Joe Michels for crossing over a yellow center dividing line.

COMPLAINT FOR DAMAGES

Page 1 of 11

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

2.Without any provocation, Officer Joe Michels approached Khomphet Phetsadakone's vehicle with his service weapon drawn.

3.Approximately 59 seconds after exiting his police car to initiate contact with Khomphet Phetsadakone, Officer Joe Michels unlawfully pulled Khomphet Phetsadakone from his car and slammed him face-first on the cement.

4.As a result of being slammed face-first on the concrete, Khomphet Phetsadakone was knocked unconscious and began bleeding profusely from his face. It was later revealed that an orbital bone in his face was fractured.

5.Immediately after slamming Khomphet Phetsadakone face-first on the cement, Officer Joe Michels jumped on the back of his head, neck and upper back with both knees, putting all of his weight on Khomphet Phetsadakone's unconscious body while he secured his hands in handcuffs.

6.The systemic failures of the Auburn Police Department resulted in an unnecessary and unlawfully excessive use of force which left Khomphet Phetsadakone unconscious, with a fractured orbital bone, and devastating mental and emotional injuries. The city of Auburn and its police department were deliberately indifferent to the constitutional rights of Khomphet Phetsadakone by failing to adequately train its officers, and/or are believed to have express policies, and/or are believed to have widespread practices which encourage and enable the use of excessive force in an unconstitutional manner that jeopardizes the safety of all citizens.

## II.PARTIES

7.<u>Plaintiff Khomphet Phetsadakone.</u> Plaintiff Khomphet Phetsadakone was a resident of King County, Washington at all times relevant to this action.

COMPLAINT FOR DAMAGES

Page 2 of 11

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

8. <u>Defendant City of Auburn</u>. Defendant City of Auburn is a Washington municipal entity with police powers existing pursuant to the Washington State Constitution and the Constitution of the United States. Defendant City of Auburn is responsible for formulating and implementing the Auburn Police Department's policies and procedures and ensuring its officers are properly and adequately trained.

9. <u>Defendant Joe Michels.</u>  Defendant Joe Michels is or was at all relevant times a City of Auburn police officer who, all times relevant hereto, was acting under color of law.

## III.     JURISDICTION AND VENUE

10. <u>Jurisdiction.</u> Jurisdiction is proper under RCW 4.96.010 and 4.96.020. A City of Auburn claim for damages form was presented to the City of Auburn, City Clerk's Office as directed on the tort claim form. More than sixty (60) calendar days have elapsed since the filing of the tort claim form such that filing of this action in allowed pursuant to Pursuant to RCW 4.96.020

11. <u>Venue.</u> Venue is proper in this district under 28 U.S.C. § 1391(b), since all defendants reside or resided in this district and the events giving rise to the claims occurred in this district, in King County.

## IV.     FACTS

12. On September 9, 2019, at or around 12:25 a.m., Khomphet Phetsadakone was driving his personally owned vehicle in Auburn, Washington, a city in King County.

13. At or about the same time, upon information and belief, Auburn Police Department (APD) officer Joe Michels began following Khomphet Phetsadakone allegedly

COMPLAINT FOR DAMAGES

Page 3 of 11



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

1    because he had crossed over a yellow center dividing line and eventually decided to pull him

2    over.

3        14.    At approximately 12:27 a.m. Khomphet Phetsadakone was pulled over on 6th

4    Street NE, Auburn Washington.

5        15.    Immediately upon pulling over, officer Joe Michels began commanding

6    Khomphet Phetsadakone to "turn the car off," as he exited his patrol vehicle and approached

7    Khomphet Phetsadakone's driver side car door.

8        16.    As officer Joe Michels approached Khomphet Phetsadakone's vehicle he had

9    his gun drawn and in his right hand.

10       17.    Officer Joe Michels informed Khomphet Phetsadakone that he was being audio

11   and video recorded and asked him for his driver's license.

12       18.    Khomphet Phetsadakone asked Officer Joe Michels why he had been pulled

13   over.  Approximately five seconds later Officer Joe Michels told Khomphet Phetsadakone he

14   was under arrest.

15       19.    Officer Joe Michels opened Khomphet Phetsadakone's driver side door and

16   grabbed ahold of him and began twisting his left arm behind his back.

17       20.    Khomphet Phetsadakone said "hold on sir" "what are you doing." Then

18   proceeded to scream "ouch" approximately six times, at which point he was violently snatched

19   from his vehicle and slammed face-first on to the cement.

20       21.    Immediately thereafter, Officer Joe Michels jumped on the back of Khomphet

21   Phetsadakone's head, neck, and upperback with both of his knees putting all of his weight on

22   him as he proceeded to apply handcuffs.



22. Khomphet Phetsadakone was knocked unconscious and was bleeding profusely from his face. It was later revealed that he had suffered a broken orbital bone in his face.

23. It is unknown whether it was being slammed on the concrete or being jumped on with both knees thereafter that caused Khomphet Phetsadakone to be knocked unconscious and suffer the broken orbital bone in his face.

24. From the time Officer Joe Michels approached Khomphet Phetsadakone's vehicle with his gun drawn, to the time that he asked for his driver's license, approximately 20 seconds had elapsed.

25. From the time Officer Joe Michels asked Khomphet Phetsadakone for his driver's license, to the time that he told him that he was under arrest, approximately 23 seconds had elapsed.

26. From the time Officer Joe Michels told Khomphet Phetsadakone that he was under arrest, to the time that he pulled him out of the vehicle slamming his face on the concrete, approximately 16 seconds had elapsed.

27. From the time Officer Joe Michels approached Khomphet Phetsadakone's vehicle with his gun drawn, to the time that he slammed his face into the concrete, approximately 59 seconds had elapsed.

## V. CAUSES OF ACTION

**COUNT I:**
**Unconstitutional Use of Excessive Force by Defendant Joe Michels**

28. Plaintiff re-alleges the paragraphs set forth above.

COMPLAINT FOR DAMAGES

Page 5 of 11

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

29. The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures of the person. This protects citizens and members of the community and prohibits the government from using excessive force against those citizens. Unnecessarily slamming a citizen on the ground, breaking a bone in their face, and knocking them unconscious constitutes a Fourth Amendment "seizure." The Fourteenth Amendment of the U.S. Constitution applies the Fourth Amendment's provisions against state and local actors.

30. At all material times, Officer Joe Michels operated under color of law.

31. Officer Joe Michels violated the Fourth Amendment's clearly established prohibitions against excessive force when he employed unreasonable force against Khomphet Phetsadakone while arresting him without any objectively reasonable belief that Khomphet Phetsadakone posed an immediate threat of harm to himself or others. Khomphet Phetsadakone was not resisting, not fighting, did not have any weapons, made no threats of violence, and was not suspected of a violent criminal offense.

32. As a direct and proximate result of these constitutional violations, Khomphet Phetsadakone was slammed on his face and was permanently injured. Khomphet Phetsadakone continues to suffer, experiencing substantial physical, mental and emotional pain, anguish and anxiety.

**COUNT II:**
**Violations of Constitutional Rights by Defendant City of Auburn**

33. Plaintiff re-alleges the paragraphs set forth above.

34. Defendant City of Auburn Police Department violated Plaintiff's Constitutional rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, as set forth herein, and in other respects as well.

COMPLAINT FOR DAMAGES

Page 6 of 11

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

35. Defendant City of Auburn and the Auburn Police Department have customs, policies, and practices that amount to deliberate indifference to the rights of persons with whom its officers regularly come into contact, including nonviolent suspects like Khomphet Phetsadakone.

36. Defendants City of Auburn and the Auburn Police Department, with deliberate indifference, failed to train the Auburn Police Department's law enforcement officers and failed to adopt and implement policies for, among other things, the use of de-escalation techniques, proper nonviolent suspect apprehension techniques, and the decision-making process that should accompany use of physical force.

37. The failure by Defendant City of Auburn and the Auburn Police Department to adequately and appropriately train its officers and employees amounts to deliberate indifference to the rights of the persons with whom the Auburn Police Department's employees regularly come into contact, including nonviolent suspects like Khomphet Phetsadakone.

38. It was highly predictable that Defendant's failures would result in constitutional violations, like those that occurred in this case.  Plaintiff's permanent injuries are the foreseeable consequence of the Auburn Police Department's failure to equip its law enforcement officers with the necessary training and tools to handle recurring situations, such as arresting nonviolent suspects failing to yield or failing to obey an officer's instructions.

39. The actions of Officer Joe Michels, which deprived Plaintiff of his Constitutional rights, conformed to official policy, custom, and practice of Defendant City of Auburn. Defendant City of Auburn and the Auburn Police Department's policy of violently arresting an individual who is noncompliant, but not resisting or acting hostile, is blatantly unconstitutional and jeopardizes the safety of all citizens, as evidenced by the police arresting

COMPLAINT FOR DAMAGES

Page 7 of 11

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

and slamming Khomphet Phetsadakone to the ground breaking a bone in his face. Moreover, Defendant City of Auburn has ratified the conduct of Defendant Joe Michels in relation to the injuries of Khomphet Phetsadakone, by refusing to appropriately sanction Defendant Joe Michels for his actions.

40. As a result of the actions and deliberate indifference of Defendant City of Auburn and the Auburn Police Department, Khomphet Phetsadakone was slammed on the cement, breaking a bone in his face. Khomphet Phetsadakone is permanently injured and continues to suffer, experiencing substantial physical, mental and emotional pain, anguish and anxiety.

## COUNT III:
### Battery

41. Plaintiff re-alleges the paragraphs set forth above.

42. Defendant Joe Michels intentionally slammed Khomphet Phetsadakone to the ground and then jumped on the back of his head, neck, and upperback without provocation, license or justification.

43. The acts of Defendant Joe Michels were done with intent to cause harmful or offensive contact or an apprehension by Plaintiff of such contact.

44. Defendant Joe Michels's conduct toward Khomphet Phetsadakone constitutes battery.

45. As a result of Defendant Joe Michels conduct, plaintiff sustained physical injury, pain, suffering, and mental anguish. Plaintiff also incurred expenses for necessary medical treatment as a result of his injuries.

COMPLAINT FOR DAMAGES

Page 8 of 11



PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

## COUNT IV:
### Negligent and Grossly Negligent Hiring, Training and Supervision of Employees and Agents

46. Plaintiff re-alleges the paragraphs set forth above.

47. Defendants have a duty to use reasonable care in hiring, training and supervising employees and agents.

48. Defendants breached this duty in a negligent and grossly negligent manner. As a proximate result of Defendants' breach, Khomphet Phetsadakone is permanently injured and continues to suffer, experiencing substantial physical, mental and emotional pain, anguish and anxiety.

## COUNT V:
### Respondeat Superior - Negligence

49. Plaintiff re-alleges the paragraphs set forth above.

50. At all times material herein, Defendant City of Auburn was responsible for the actions of its agents and employees under the theory of *respondeat superior*.

51. At all times material herein, Defendant City of Auburn, through its employees, including the named individual Defendant Joe Michels, owed a duty to use reasonable care with regard to its attempts to take Khomphet Phetsadakone into police custody.

52. At all times material herein, Defendant City of Auburn, through its employees, including the named individual Defendant Joe Michels, violated that duty through the following activities, including but not limited to, approaching the vehicle with weapons drawn, telling Plaintiff he was under arrest but never asking him to step out of the vehicle, opening Plaintiff's

COMPLAINT FOR DAMAGES

Page 9 of 11

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654

car door and with force removing him therefrom, slamming him face-first on the concrete, and jumping on the back of his head, neck, and upper back with both knees to handcuff him.

53.     Defendants breached this duty in a negligent and grossly negligent manner. As a proximate result of Defendants' breach, Khomphet Phetsadakone is permanently injured and continues to suffer, experiencing substantial physical, mental and emotional pain, anguish and anxiety.

## VI.     RESERVATION OF RIGHTS

54.     <u>Reservation of Rights.</u> Plaintiffs reserve the right to assert additional claims as may be appropriate following further investigation and discovery.

## VII.     JURY DEMAND

55.     <u>Jury Demand.</u> Under the Federal Rules of Civil Procedure, Plaintiffs demand that this action be tried before a jury.

## VIII.     PRAYER FOR RELIEF

56.     <u>Relief.</u> Plaintiff respectfully requests the following relief:

    A.     That the Court award Plaintiff appropriate relief, to include all special and general damages established at trial;

    B.     That the Court impose punitive damages under any provision of law under which punitive damages may be imposed;

    C.     That the Court award costs, reasonable attorneys' fees, and statutory interest under any applicable law or ground in equity, including 42 U.S.C. § 1988, RCW 49.60 *et seq.*, and all other applicable bases for an award of attorneys' fees and litigation costs;



D. That the Court award pre-judgment interest on items of special damages;

E. That the Court award post-judgment interest;

F. That the Court award Plaintiff such other, favorable relief as may be available and appropriate under law or at equity; and

G. That the Court enter such other and further relief as the Court may deem just and proper.

SIGNED this 15th day of October, 2020.

PFAU COCHRAN VERTETIS AMALA PLLC

By:  /s/ Darrell L. Cochran
Darrell L. Cochran, WSBA No. 22851
Attorney for Plaintiff

DARRELL L. COCHRAN
(darrell@pcvalaw.com)
KEVIN M. HASTINGS
(kevin@pcvalaw.com)
Pfau Cochran Vertetis Amala PLLC
909 A Street., Ste. 700
Tacoma, WA 98402
Tel: (253) 777-0799

COMPLAINT FOR DAMAGES

Page 11 of 11

PFAU COCHRAN
VERTETIS AMALA
ATTORNEYS AT LAW

909 A Street, Suite 700
Tacoma, WA 98402
(253) 777-0799 | Fax: (253) 627-0654